William C. Hecht, J.
This application for construction of a trust indenture dated May 13, 1927 presents substantially the same problems as those which have been decided in connection with the Morgan trust (Matter of Morgan, 13 Misc 2d 214). For the reasons therein stated, the attempted amendments of the trust are ineffectual, and the rights and obligations of the trustees are governed by the original indenture. In this case the original corpus of the trust consisted of $19,000 French Republic 7%% bonds, due in 1951, and $8,000 Republic of Cuba 5%% bonds, due in 1953. The income from the trust at its inception was therefore $1,875 per annum. The trustees were directed to pay the life tenant $1,000 per annum. This life tenant is of full age and sound mind. Although duly served by registered mail in Paris, France, she failed to appear or answer. It would appear that in this case the creation of the trust was simply a gift from the settlor and that it was not tied in with any other settlement as in the Morgan trust.
This does create certain differences in that the claim of the life tenant is not so compelling and she has not objected to the trustees converting the corpus into common stock.
Nevertheless, I think the statutory rule laid down in Matter of Morgan (supra) should be followed. The trustee is accordingly instructed that it is authorized to invest the funds of the trust solely in accordance with the provisions of section 21 of the Personal Property Law and that this requirement should be complied with within 120 days after entry of the order herein.
Here the indenture designated Irving’s predecessor as successor trustee, and gave no power to the individual trustees to appoint a successor. Chemical argues that the subsequent agreement of July 23, 1935, effectively substituted its predecessor as trustee, despite the fact that the life tenant has not consented thereto, because its only effect was ‘ to substitute one experienced bank for another experienced bank as successor trustee ”. For the reasons stated in Matter of Morgan (supra), this argument has no merit. Irving is designated as the sole successor trustee.
*224 The depository provision regarding J. P. Morgan & Co. is identical here with that in Matter of Morgan (supra), and the same result follows.
Settle order.